Dean *v.* Reynolds & Company *et al.*

No. 1,251.

## DEAN *v.* REYNOLDS & COMPANY ET AL.

PLEADING.—*Complaint to Enforce a Laborer's Lien Against Railroad.*— *Sufficiency of.*—A complaint in an action to enforce a laborer's lien against a railroad for labor performed is sufficient where it appears that the work was done in the county where the notice of lien was filed; that it was done on the railroad mentioned; that the work was such that a lien can be held therefor under the statute; and that the work was such as was provided by the contract to be done; the work contracted to be done being to grub and clear the right of way and grade and construct the road bed.

From the Lake Circuit Court.

*E. D. Crumpacker*, for appellant.

*N. L. Agnew, D. E. Kelly* and *J. W. Youche*, for appellees.

DAVIS, J.—This action was brought by Frank Dean to enforce a lien against the Elgin, Joliet and Eastern Railway Company and the other appellees for an amount due him for labor performed in the construction of the road-bed of said railroad in Porter county. The appellees demurred to the complaint, and their demurrer was sustained and judgment was rendered against appellant upon the demurrer. From such judgment he prosecutes this appeal.

It is averred in the complaint that the appellee, the Elgin, Joliet and Eastern Railway Company, is a railroad corporation, and owns a line of railroad extending from Joliet, in the State of Illinois; to the station of McCool, in Porter county, Indiana, that said company extended its said railroad from the station of McCool, in Porter county, to the village of Porter, in said county, a distance of seven miles; that it had procured and owned

the right of way for such extension, and in 1892 it contracted with E. P. Reynolds & Co. and Patrick Carman for the construction of the railroad between said points. On the 20th of November, 1892, Reynolds & Co. and Carman sublet a portion of the work to appellant, and entered into a contract with him by the terms of which he was to grub and clear the right of way, and grade and construct the road-bed for said road, covering a portion of said extension; that it was agreed and understood between them that estimates should be made once a month, and appellant was to receive ninety per cent. of such estimates as they were made; that appellant went to work on the 25th of November under said contract, and on the 25th of December, 1892, after he had been engaged for about a month, the contract was reduced to writing, a copy of which is filed with, and made part of the complaint; that appellant continued to work under said contract until the 20th day of January, 1893; that appellees refused to make any estimates, and refused to comply with other conditions of the contract, and on the 20th day of January, 1893, they stopped him from working, and refused to permit him to go on with the contract; that he performed work under the contract to the amount of $2,266 in grading and building the railroad which work was reasonably worth that amount, and was and is of the value of that amount to the railway company; that said amount was due appellant, and wholly unpaid. A bill of particulars was filed with, and made part of the complaint; that within sixty days after the completion of said work, appellant filed and caused to be recorded in the recorder's office of Porter county, notice of his intention to hold a lien on the railroad for the value of said work, a copy of which notice was filed with, and made a part of, the complaint. The

complaint asks judgment for three thousand dollars, and the foreclosure of the lien.

The written contract entered into on the 25th day of December, 1892, is set out with the complaint, but the action is upon the *quantum meruit*, and the contract is not the basis of the right to recover. The theory of the complaint is that appellant performed the work under the contract, which was rescinded by the action of the appellees before its completion, and appellant seeks to recover the value of the labor thus performed.

Counsel for appellees insist the complaint is bad for the following reasons:

1. That it does not show that the work was done in Porter county.

2. That it does not show that the work was done on the railroad mentioned.

3. That it does not show the work was such that a lien could be held therefor under the statute.

4. That it does not show the work was such as was provided by the contract to be done.

It appears that the railway company was engaged in the construction of a railroad between the points named in Porter county; that the company entered into a contract with its coappellees for the construction of the railroad between said points; that the contractors sublet a portion of said work to appellant; that appellant went to work and continued to work under said contract for nearly sixty days; that he performed work in grading and building the railroad, which work was reasonably worth $2,266, and was and is of the value of that amount to the railway company, and that appellees stopped him from working and refused to permit him to go on with the contract.

In our opinion it sufficiently appears that the work was done in Porter county; that it was done on the railroad

mentioned; that the work was such that a lien can be held therefor under the statute, and that the work was such as was provided by the contract to be done.

The complaint was sufficient to withstand the demurrer. Section 7265, R. S. 1894; E. S., section 1699; *Chapman* v. *Elgin, etc., R. W. Co.,* 11 Ind. App. 632.

Whether all the work performed by appellant was such that a lien can be held therefor under the statute, we need not determine. It appears that the work appellant contracted to do was to grub and clear the right of way and grade and construct the road bed, and that he performed work in grading and building the railroad. It is not alleged that he did in fact do any work in grubbing and clearing the right of way, but if the grubbing and clearing was essential to the grading and building, and if it was included in the work, the railway company contracted to have done in the construction of the railroad, no reason occurs to us why appellant, if he performed any such work, would not be entitled to hold a lien therefor.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed Feb. 5, 1895.